Filed 8/6/26  Believe in Chico v. City of Chico CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| BELIEVE IN CHICO, LLC,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>CITY OF CHICO,<br>        Defendant and Respondent. | C104553<br><br>(Super. Ct. No. 25CV01135) |

Plaintiff Believe in Chico, LLC, obtained approvals from respondent City of Chico's (Chico) city council adopting a specific plan and amendments to Chico's general plan for a housing development project.  Voters later disapproved of the project in two referendums.  Plaintiff filed a petition for writ of mandate seeking invalidation of the referendums on the basis they violated the Housing Crisis Act of 2019.  (Gov. Code, § 66300 et seq.) (Act).)  The trial court sustained Chico's demurrer because the petition was not brought within the 90 days required by Government Code section 65009 for actions based on "the decision of a legislative body to adopt or amend a general or specific plan."  (Gov. Code, § 65009, subd. (c)(1)(A).)  Plaintiff appeals, arguing the correct statute of limitations is three years under Code of Civil Procedure section 338, subdivision (a) because its petition is "[a]n action upon a liability created by statute."  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2025, plaintiff filed a verified petition for writ of mandate and complaint for declaratory relief against Chico. The petition's background stated Chico has a housing crisis after the 2018 Camp Fire destroyed 14,000 homes nearby and the Legislature adopted the Act "[i]n light of this crisis" by disallowing certain limitations on housing development.

Plaintiff proposed a project called Valley's Edge "to develop over 2,700 new housing units, approximately 57 acres of commercial development, as well as parks, open space, a school, and other public facilities … on approximately 1,448 acres of vacant land just east of [Chico]" but within Chico's sphere of influence and general plan. "On January 3, 2023, the Chico City Council approved entitlements for the [p]roject" and adopted two resolutions. The first resolution provided details of the project's specific plan, stating "[t]he Valley's Edge [s]pecific [p]lan … is hereby adopted," and "[i]n approving the [Valley's Edge specific plan]" found it consistent with Chico's general plan. The second resolution was to "approve general plan amendment 22-03" that amended Chico's general plan to be consistent with the project's specific plan. (Boldface and some capitalization omitted.)

Opponents to the project placed two referendums on the ballot. One measure asked whether the first resolution, "which adopted" the specific plan, should "be adopted." The other measure asked voters whether the second resolution, "which approved" the general plan amendment, should "be adopted." On March 5, 2024, a majority of voters disapproved of both resolutions. According to the petition, this also barred all similar projects on the property for one-year under Elections Code section 9241.

The petition alleged two causes of action based on these facts. The first cause of action sought a writ of mandate directing Chico and its agents to treat the referendums as void for violating the Act and treat the January 3, 2023 specific plan adoption and general

2

plan amendment as valid. This cause of action alleged the referendums violated the Act by being a restriction on housing development and acting as a cap on housing units. The petition explained Chico's general plan, adopted in 2011, requires a specific plan for any development, but: "Except for the [s]pecific [p]lan [for the project], no such plan exists or has ever existed. Accordingly, the [r]eferendums had the effect of limiting the housing development that could be approved or constructed on the [p]roperty for at least one year following the [r]eferendums in violation of" the Act.

The second cause of action was for declaratory relief seeking a judicial determination the "[r]eferendums are void because they conflict with the Act," and Chico and its agents must treat them as void while treating the project's specific and general plan amendment as valid.

Chico filed a demurrer, arguing the petition is time-barred under Government Code section 65009. The demurrer attached a resolution from Chico's city council on May 7, 2024, certifying the referendums' March 5, 2024 election results and determining the previously adopted resolutions "were not approved by voters." In the points and authorities supporting the demurrer, Chico contended plaintiff had 90 days under section 65009 to file the suit, either from the date voters disapproved of the resolutions or when Chico's city council certified the election results. Under either calculation, Chico argued, plaintiff failed to meet the deadline.

The trial court sustained the demurrer without leave to amend. The court found the 90-day statute of limitations under Government Code section 65009 applied because "Chico City Council's actions in adopting the results of the referendum[s] constitute a decision for purposes of the statute." The court also rejected plaintiff's arguments Code of Civil Procedure section 338's three-year statute of limitations applied.

Plaintiff appeals.

3

DISCUSSION[1]

Plaintiff argues the trial court erred by not applying Code of Civil Procedure section 338's three-year statute of limitations for claims based on statutory violations. Plaintiff asserts its suit rests primarily on "an assertion that [Chico] violated state housing law by unlawfully restricting housing development." Furthermore, plaintiff contends Government Code section 65009 applies only to decisions to adopt or amend a specific or general plan, "[i]t does not apply to decisions rejecting proposals for general or specific plans." But even if both Code of Civil Procedure section 338 and Government Code section 65009 apply, plaintiff continues, Code of Civil Procedure "section 338 controls as the more specific statute in this context." Chico did not file a respondent's brief.[2] Nonetheless, we disagree with plaintiff.

I

*Legal Standards*

" ' "This appeal follows the sustaining of a demurrer. The application of the statute of limitations on undisputed facts is a purely legal question [citation]; accordingly, we review the lower courts' rulings de novo. We must take the allegations of the operative [petition] as true and consider whether the facts alleged establish [the plaintiff's] claim is barred as a matter of law." [Citation.] ... [¶] "To determine the statute of limitations [that] applies to a cause of action it is necessary to identify the

---

[1] Plaintiff filed a request for judicial notice of six documents: three excerpts of Chico's general plan, a section of Chico's municipal code, and two legislative history reports on the Act. We deny the request because each document is not relevant to the resolution of issues on appeal. (See *City and County of San Francisco v. Uber Technologies, Inc.* (2019) 36 Cal.App.5th 66, 72, fn. 3 [denying requests for judicial notice for irrelevant documents].)

[2] Chico filed a letter stating, "Due to a deadlock among voting members of [Chico's] [c]ity [c]ouncil … , the [c]ity [c]ouncil was unable to give direction on filing a [r]espondent's [b]rief in this appeal."

4

nature of the cause of action, i.e., the 'gravamen' of the cause of action." [Citation.] " '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.' " [Citation.] "What is significant for statute of limitations purposes is the primary interest invaded by [the] defendant's wrongful conduct." ' " (*Campana v. East Bay Municipal Utility Dist.* (2023) 92 Cal.App.5th 494, 499.)

There are two statutes of limitations at issue in this case. The first is Government Code section 65009, subdivision (c)(1)(A), which requires, in relevant part, notifications to a legislative body of an action "within 90 days after the legislative body's decision" that "attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a general or specific plan." The second statute is Code of Civil Procedure section 338. Relevant here is Code of Civil Procedure section 338, subdivision (a), which applies a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture."

II

*Plaintiff Does Not Establish Code Of Civil Procedure Section 338 Applies*

Plaintiff contends Code of Civil Procedure section 338's three-year statute of limitations applies because the gravamen of the petition is violations of a statute. (§ 338, subd. (a).) But the petition would be barred even if the Act violations are the gravamen of the petition because the challenged conduct is the referendums' disapproval of plaintiff's project.[3] The petition contends the disapproval of plaintiff's project violated

---

[3]     The petition and plaintiff's argument on appeal focus on the referendum votes as the challenged decision. The trial court's decision, however, was based on Chico's city council's May 7, 2024 vote to certify the election. Given our analysis, it ultimately does not matter which decision is being challenged so we refer only to the referendums for the sake of consistency. But we also do not address whether the voters' actions would be considered a decision of a "legislative body," as required by Government Code

the Act in two ways: (1) the ban on similar projects for one-year after the referendums; and (2) Chico's general plan's requirement for developments to have a specific plan, and the lack of any specific plans for a development prior to the project and after the referendums. Neither of these alleged violations state a claim for relief under the Act.

First, the petition was filed a year after the referendum vote. Any one-year ban on projects under Elections Code section 9241 would have concluded around the time of the petition, rendering moot any action under the Act to void the one-year ban as an unlawful limitation on housing. (*Davis v. Fresno Unified School Dist.* (2020) 57 Cal.App.5th 911, 926 ["the test for determining whether a case is moot is 'whether the court can grant the plaintiff any effectual relief' "].) The petition also does not assert there was any harm during the one-year ban that the Act could redress, beyond the ban itself, and plaintiff does not assert any basis for this harm on appeal. The one-year ban on similar projects violating the Act therefore is not a viable basis for relief.

The second basis for an Act violation alleged in the petition is outside even Code of Civil Procedure section 338's three-year statute of limitations. According to the petition, Chico's general plan violates the Act by imposing an unlawful limitation on housing because it requires specific plans for any development. The petition continues, "Except for the [s]pecific [p]lan [for the project], no such plan exists *or has ever existed*." (Italics added.) But according to the petition, Chico's general plan had this requirement since its adoption in 2011—the 2024 referendums did not modify Chico's general plan requirement that the petition alleges violates the Act. The Act was enacted in 2019 and became effective in January 2020. (Sen. Bill No. 330 (2019-2020 Reg. Sess.); Stats.

---

section 65009, subdivision (c)(1)(A), an issue plaintiff did not brief. (See *Bank of the Orient v. Town of Tiburon* (1990) 220 Cal.App.3d 992, 999-1004 [analyzing whether § 65858's limitation on legislative body actions applied to voter initiatives], disapproved on other grounds in *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743, fn. 11.)

2019, ch. 654.)  The cause of action to challenge this alleged violation consequently arose in January 2020 because the general plan would have been in violation of the Act under plaintiff's reasoning at that point.  (See *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 773 ["As the period in Code of Civil Procedure section 338 begins running on accrual of the cause of action ( …§ 312), an action to enforce the [c]ounty's asserted statutory duty had to be brought within three years of its initial violation, i.e., three years *from the effective date of the assertedly preemptive statute*" (italics added)]; *Fix the City, Inc. v. City of Los Angeles* (2024) 100 Cal.App.5th 363, 373-374 [same].)  Plaintiff provides no law or argument to support the unstated assumption that the brief approval and subsequent disapproval of the project permitted a second accrual of the alleged ongoing violation of the Act.  Thus, even under section 338's three-year statute of limitations, the petition filed in 2025 would be barred if challenging the general plan on this basis for violating the Act.

Plaintiff does not assert any additional basis to support a violation of the Act in which it could amend its petition.  (See *Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595 [it is the petitioner's burden to demonstrate a petition can be amended to state a claim].)  Plaintiff therefore fails to establish its petition is validly based on violations of the Act, or can be so amended, to trigger and fall within the three-year statute of limitations under Code of Civil Procedure section 338, subdivision (a).  The trial court consequently did not err in sustaining Chico's demurrer.

7

DISPOSITION

The order sustaining Chico's demurrer is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
ROBIE, J.

We concur:



/s/
HULL, Acting P. J.



/s/
BOULWARE EURIE, J.

8